Andrew Johnson's Estate.

IN THE MATTER OF ANDREW JOHNSON'S ESTATE.

APPEAL. *Interlocutory order.* After decree fixing the basis of account in an administration suit is submitted to and account taken thereon, an appeal does not lie from an interlocutory order recommitting the account, but only from a final decree.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

J. P. & J. K. SHIELDS for complainant.

ROBINSON & MALONEY and R. M. BARTON for respondents.

FREEMAN, J., delivered the opinion of the court.

On examination of the record we find that there was a decree rendered on regular hearing of the issue made in the pleading between the parties, settling the rights of the parties, and an account ordered involving all the matters necessary to a complete settlement of the estate. The clerk made a most voluminous report, which was excepted to by both complainant and respondents.

A number of exceptions going to the whole, and to various items of the account, were sustained, and the whole re-committed to the master for another report. It is true several items were definitely settled

40—VOL. 9.

by the chancellor, and in this form would come into the next report, but the reference would include these even.

The question of compensation debated before us is specifically re-referred to be reported upon, and what shall be reasonable compensation to Andrew Johnson, Jr. The court gave specific directions as to re-taking the account covering the whole ground, and from this decree the appeal is prosecuted.

It is not a debatable question that no appeal under our law will lie from such a decree. The decree making the reference originally was very general, but was intended to and did embrace all matters involved in the settlement of the estate, and required a final account, preparatory to a final decree. From this an appeal lay by permission of the chancellor. But no other appeal lies until a report is made, and decree on it final; otherwise, we would now settle directions for the report on this appeal, and then, if complete, and decree on it, another appeal would lie; and so we might, and would probably have two appeals instead of one. In fact the practice, if permitted in this case might involve several more appeals.

We have no authority to take cognizance of this case, as it now stands, and the appeal must be dismissed as improvidently granted. Costs by respondents.